TEXIDOR, APPELLANT, v. REGISTRAR OF SAN JUAN, RESPONDENT.

APPEAL from a Decision of the Registrar of Property Refusing to Cancel an Annuity.

No. 339.—Decided November 30, 1917.

ANNUITY—CANCELLATION OF TITLE—RECORDS TRANSFERRED FROM OLD BOOKS—ACKNOWLEDGMENT.—An annuity appearing in different records of a property and acknowledged by the appellant by his reserving a portion of the purchase price to cover the said annuity will not be canceled at the mere instance of the appellant based exclusively on the provisions of articles 397 *et seq.* of the Mortgage Law and the Royal Order of May 8, 1894, when the entry sought to be canceled was neither taken directly from the old books nor made by the registrar of his own motion, but was based squarely upon the deliberate, solemn and mutual acknowledgment by vendors and vendees in the various instruments constituting the chain of title to the property.

The facts are stated in the opinion.

*Mr. Enrique Campillo* for the appellant.

The respondent appeared *pro se*.

MR. JUSTICE HUTCHISON delivered the opinion of the court.

The first inscription of house number 7 Cristo Street, San Juan, is the record of a deed dated March 4, 1871, and recites that the property is subject to the following liens (italics ours):

"To a mortgage for the sum of 678.66 *pesos,* foreign coin, in favor of Benito María Osorio, which is a lien on a part thereof, without specifying what portion, and appears *recorded on page 17 (over),* number 43 of *Volume 18, Old Series;* to another mortgage in favor of Francisco Antonio Fernández for the sum of 1,040 *escudos,* as to two portions of this property, undetermined, *recorded on page 77 (over),* number 158 of *Volume 20, Old Series;* to an attachment levied by the *Alcalde Mayor* against Rafael Margary, amount unknown, and *recorded on page 21,* number 41 of *Volume 21, Old Series;* to a bond to guarantee the management by Francisco Gutiérrez of the Capitular Table, as collector thereof, up to the sum of 3,440.74 *escudos,* as to two-twelfths, undetermined, *recorded on page 61,* number 118, of *Volume 23, Old Series;* to another mortgage in favor of Joaquín Maldonado for the sum of 177.33 *pesos* as to one-sixth of this property, *recorded on page 73 (over),* number 141 of *Volume 28, Old Series;* and finally, to 5,650 *escudos* annuity lien (*de censo*) without stating in favor of whom, and *not appearing, so far as known, to have been previously recorded in the registry, but acknowledged by the document now presented*—there being no clear indication of any further incumbrance."

The same entry shows that in 1871 the purchaser retained $470.83 out of the purchase price of $2,191.21 to cover the liability represented by the outstanding annuity (*censo*) last above mentioned and that the vendor actually received only the remaining $1,720.37.

It also appears from the certificate issued by the registrar that the mention of the encumbrances above enumerated, except as to the annuity, had been cancelled on the record.

In March, 1917, in a deed to the wife of appellant, the parties solemnly stated that in addition to a mortgage for $4,000 upon this property "there is an annuity lien (*censo*) in favor of whomsoever it might be recorded for the sum of 1,650 *escudos,* ancient money, with reference to the date of the deed." The same instrument also contains the following clause:

"*Second.*—The consideration for this contract of sale is the agreed price of twelve thousand dollars received by the vendor from the

vendee upon execution of this deed after deducting four thousand dollars for the payment of the mortgage and three thousand dollars left to cover the annuity liens (*los censos*), delivery of the liquidated amount of five thousand dollars in $100 bank notes having been made in my presence, to which I certify.''

Some months after the record of this deed appellant, citing articles 397 *et seq.* of the Mortgage Law and the Royal Order of May 8, 1894, requested the cancellation of the recital contained in the various entries upon the record as to the existence of the annuity above mentioned.

The endorsement of the registrar reads as follows:

''No action is taken regarding the foregoing instrument because the annuity mention, the cancellation of which is sought, is one not capable of cancellation *ex officio,* according to the provisions of the Royal Order of May 8, 1894, as the successive purchasers of the encumbered property, including the petitioner, have recognized the annuity referred to, a portion of the purchase price having been reserved to cover said annuity, and also, because the mention was taken from the instrument that gave rise to the first inscription of the property, and not from the old books of the registry, as required by said Royal Order.''

Article 397 of the Mortgage Law deals with the time, method and effect of transferring entries from the old to the new books.

The Royal Order of May 8, 1894, provided, among other things, ''that upon the expiration of the period fixed for requesting transfers, the untransferred entries of realty rights appearing in the old books shall not be mentioned in the new records that may be made; and such period having expired, mentions made *ex officio* in the modern books of the said realty rights appearing in the old volumes shall be cancelled *ex officio,* provided that transfer thereof has not been expressly requested within the statutory period.''

As pointed out in *Caso* v. *Registrar,* 6 P. R. R. 319, the idea contained in the provision just quoted was more clearly expressed in the Royal Order of June 18, 1895, which provides that ''only the mentions made *ex officio,* which may

have been taken directly from the old books, are capable of being cancelled.''

In the case at bar, as sufficiently appears from the facts above outlined, the entry, cancellation of which is sought, was neither taken directly from the old books nor made by the registrar of his own motion, but was based squarely upon the deliberate, solemn and mutual acknowledgment of vendor and purchaser in the various instruments constituting the chain of title, beginning with the deed of 1871 and ending with that of March, 1917, the purchaser in each instance, including the present owner, having expressly reserved out of the purchase price an amount calculated to cover the outstanding liability represented by such annuity.

In the circumstances we think the registrar was quite right in refusing to cancel the entries in question at the mere suggestion of appellant, based solely and exclusively upon the provisions of the Mortgage Law and of the Royal Order above mentioned.

The ruling appealed from must be

*Affirmed.*

Justices Wolf and del Toro concurred.
Chief Justice Hernández and Justice Aldrey absent.